IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PHILLIP G. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV425 |
| | ) | |
| v. | ) | |
| | ) | |
| CAROLYN COLVIN, Acting Social | ) | MEMORANDUM AND ORDER ON |
| Security Commissioner, | ) | DEFENDANT'S MOTION TO DISMISS |
| | ) | |
| Defendant. | ) | |
| | ) | |

On December 13, 2012, the plaintiff, Phillip G. Wright, filed a complaint against "Michaek J. Astrue," Social Security Commissioner.1 (ECF No. 1.) A summons was issued as to defendant Astrue on January 8, 2013. (ECF No. 3.) On April 26, 2013, the plaintiff filed copies of summonses which were returned executed upon the Office of Regional Counsel, Region VII, Social Security Administration on December 20, 2012, (ECF No. 6), and defendant Astrue on January 23, 2013. (ECF No. 7.) On December 18, 2013, a notice of substitution was filed and Carolyn Colvin was substituted for Astrue as defendant. (ECF No. 8.)

---

1
  The caption of the complaint lists the defendant's name as "Michaek J. Astrue," while the body of the complaint lists the defendant's name as "Michael J. Astrue." (ECF No. 1) According to the United States Attorney's brief (ECF No. 11), the correct spelling is "Michael J. Astrue," and it is therefore used in this memorandum and order.

1

On December 18, 2013, the United States Attorney filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(2), (4), or (5). (ECF No. 9.) The plaintiff filed an objection to the motion on January 7, 2014. (ECF No. 12.) The defendant's motion is now before me.

In a declaration filed at the same time as the motion to dismiss, Lynnett M. Wagner, Assistant United States Attorney, stated that she sent a letter to the plaintiff on November 6, 2013, notifying him that he had not sent a summons and copy of the complaint to the Attorney General and the United States Attorneys' Office for the District of Nebraska. (ECF No. 10-1.) The letter, a copy of which was attached to the declaration, stated that under Federal Rule of Civil Procedure 4, service on the United States is a prerequisite for waiver of the government's sovereign immunity. Id. Wagner declared that, as of December 17, 2013, she had not received any response to the letter. (ECF No. 10-1, Def.'s Brf--ECF No. 11.)

On January 7, 2014, Wright filed a resistance to the defendant's motion. (ECF No. 12.) In an accompanying brief, Wright argues that service was properly perfected, but if the court finds that service was not effective, he requests additional time to serve the United States attorney. (Plf's Brf--ECF No. 13.) Wright also filed a declaration, in which he asserts that he was out of the United States on vacation on November 6, 2013, when the letter from Wagner was sent. (ECF No. 15.) He planned to contact Wagner after the holidays, but before he was able to make contact, the motion to dismiss was filed. (Id.) He asserts that he did not receive a telephone call or e-mail from Wagner. And Wright claims that Astrue was served with a copy of the summons, as was the Office of General Counsel of the Social Security Administration. (Id.)

In his declaration and brief, Wright claims that the Social Security Administration and Astrue have been properly served. However, he does not address the argument of the United States Attorney that the United States has not been served.

Service of process upon the United States, its agencies, officers, and employees is governed by Fed. R. Civ. P. 4(i). The rule provides that, to serve the United States, a copy of the summons and complaint must be delivered to the United States attorney, an assistant United States attorney, or designated clerical employee for the district where the action is brought, or a copy may be sent by registered or certified mail to the civil process clerk at the United States attorney's office. Fed. R. Civ. P. 4(i)(1)(A)(i) and (ii). The rule also provides that a copy of the summons and complaint must be sent by registered or certified mail to the Attorney General of the United States at Washington, D.C.  Fed. R. Civ. P. 4(i)(1)(B). In addition, in order to serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and complaint by registered or certified mail to the agency, corporation, officer, or employee.  Fed. R. Civ. P. 4(i)(2).

Under Fed. R. Civ. P. 4(m), Wright had 120 days from the date the complaint was filed to effect service. The complaint was filed on December 13, 2012, requiring service to be completed by April 12, 2013. No service was obtained during that time period. Nor did Wright take any action to obtain service after he was contacted by the United States attorney's office in November 2013. Dismissal for insufficient process under Fed. R. Civ. P. 12(b)(4) and for

insufficient service of process under Fed. R. Civ. P. 12(b)(5) may be appropriate. As the United States attorney points out in its brief, the distinction between a motion to dismiss for insufficient process under Fed. R. Civ. P. 12(b)(4) and insufficient service of process under Fed. R. Civ. P. 12(b)(5) is often blurred, and it is appropriate to present and analyze service issues under both rules. Seretse v. Andersen Corp., 2013 WL 2434876 at 4 (D. Minn.); Adams v. AllliedSignal General Aviation Avionics, 74 F.3d 882, n. 2 (8th Cir. 1996). "On a motion to dismiss brought under Fed. R. Civ. P. 12(b)(4), insufficiency of process, or 12(b)(5), insufficiency of service of process, the plaintiff must establish prima facie evidence that there was sufficient process and service of process." Seretse, supra, quoting Hahn v. Bauer, 2010 WL 396228 at *6 (D. Minn.).

The United States attorney also argues that dismissal for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) is also appropriate because a defendant has not been properly served, and therefore, the court lacks jurisdiction over that defendant whether or not it had actual notice of the lawsuit. Adams, supra. "In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350, 119 S. Ct. 1322 (1999).

There is no dispute that the Social Security Administration and Astrue have been served with summons. However, the record shows that no service has been made on either the Attorney General of the United States or the United States Attorney for the District of Nebraska. Wright was informed by the United States attorney's office of this deficit in service in a letter sent on November 6, 2013, and

4

he took no further action to accomplish service. He has not established prima facie evidence that there was sufficient process and service of process on all necessary parties.

Two sections of the federal rules address the court's responsibility if a defendant is not timely served. Fed. R. Civ. P. 4(m) provides that if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(i)(4)(A) provides that the court must allow a party a reasonable time to cure its failure to serve a person required to be served under Rule 4(i)(2) if the party has served either the United States attorney or the Attorney General of the United States. In this case, Wright has not served either the United States attorney or the Attorney General of the United States. However, I will grant the plaintiff additional time to serve all necessary parties.

Wright will be given until February 10, 2014, to complete service of process upon the Attorney General of the United States and the United States Attorney for the District of Nebraska. If Wright fails to complete service of process prior to February 10, 2014, this action may be dismissed without further notice.

**IT IS ORDERED** that:

1. the Motion to Dismiss, ECF No. 9, is denied; and

2. Wright shall have until February 10, 2014, to complete service of process upon all necessary parties. If he fails to do so, this action shall be subject to immediate dismissal without prejudice.

Dated January 29, 2014.

    BY THE COURT

    */s/ Warren K. Urbom*

    Warren K. Urbom
    United States Senior District Judge

6